UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
**ERNEST RUDOLPH,**

          Plaintiff,

    -against-

**THE DEPARTMENT OF JUSTICE,**

          Defendant.
----------------------------------------------------------------x

**MEMORANDUM DECISION AND ORDER**
2:19-CV-06661 (AMD) (LB)

**ANN M. DONNELLY, United States District Judge:**

On November 26, 2019, the *pro se* plaintiff Ernest Rudolph filed this action against the Department of Justice. (ECF No. 1.) The plaintiff paid the filing fee to begin this action. For the reasons below, the complaint is dismissed with leave to file an amended complaint within thirty days of this memorandum and order.

## BACKGROUND

The plaintiff names the Department of Justice as the only defendant and asserts claims for constructive fraud, a violation of the U.S. Constitution, and the Federal Tort Claims Act. (ECF No. 1.) He alleges that "mandatory paternity testing should have been taken to prove biological relation" and that his "birth certificate information should have never been changed." (*Id.* at 2.) He claims that the Department of Justice "is directly and solely responsible for a violent sexual attack that [he] witness[ed] when [he] was in the fourth grade and all the unwanted sexual attacks that followed[.]" (ECF No. 1-1 at 1.) He also does "not want any legal connection to any biological relative . . . ." (Id. at 2.) He seeks a preliminary hearing in this Court and a review of an administrative hearing performed under New York State's Mental Hygiene Law. (ECF No. 1 at 2.) He also seeks "unlimited funding [u]ntil[] the day [he] die[s]." (ECF No. 1-1 at 1.)

1

## DISCUSSION

A federal court must "liberally construe[ ]" pleadings by *pro se* parties, who are held to less stringent standards than attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, a district court may dismiss a *pro se* action *sua sponte*—even if the plaintiff has paid the requisite filing fee—if the action is frivolous. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000). A complaint is frivolous when "'it is clear that the defendants are immune from suit.'" *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989)); *see also Jolley v. Chatigny*, No. 04-CV-182, 2004 WL 306116, at *2 (D. Conn. Feb. 12, 2004) (when it is clear that the defendants are immune from suit, a dispositive defense appears on the face of the complaint, and the action can be dismissed as frivolous). An action is also frivolous when "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy . . . ." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations and citations omitted). Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that [the] defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The plaintiff's claim against the Department of Justice is barred by sovereign immunity, and thus is dismissed. *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 72 (2001) (holding that Congress has not created a waiver of sovereign immunity to allow a constitutional claim for money damages against the United States or an agency); *see also Mackey v. United States Dept. of Justice*, No. 16-CV-3865, 2018 WL 4214336, at *5-6 (E.D.N.Y. August 8, 2018)

(claim against federal agency defendants dismissed because sovereign immunity had not been waived). Even if the plaintiff named a proper defendant, the complaint does not set forth a short, plain statement of claim against any defendant. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

## CONCLUSION

For the reasons stated above, the case is dismissed without prejudice. The Court grants the plaintiff leave to file an amended complaint within thirty days of this order. If the plaintiff decides to file an amended complaint, it should be titled "AMENDED COMPLAINT" and bear the same docket number as this order, 19-CV-6661 (AMD) (LB). An amended complaint will replace the original complaint; that is, the amended complaint must stand on its own without reference to the original complaint. The plaintiff must set forth facts to support his claims. For example, the plaintiff cannot file suit against a federal agency or entity that is immune from suit. The plaintiff should identify the individual defendants against whom he brings suit. If he cannot identify them by name, he can call them "John Doe" or "Jane Doe" and should describe them as best he can. He must provide a description of what each individual defendant allegedly did or failed to do, the location and dates of all relevant events, and the remedy or relief he seeks.

All proceedings are stayed for thirty days or until further order of the Court. If the plaintiff does not file an amended complaint within the time allowed, or show good cause why he cannot comply, the Clerk of Court is respectfully directed to enter judgment and close this case. Although the plaintiff paid the filing fee to commence this action, if plaintiff requests *in forma pauperis* status for any appeal of this order, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith. *Coppedge v. United States,* 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

                                                                      s/Ann M. Donnelly
                                                                _____
                                                                 ANN M. DONNELLY
                                                                 United States District Judge

Dated: January 22, 2020
        Brooklyn, New York