UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
**ERNEST RUDOLPH,**

                Plaintiff,

  -against-                                 **MEMORANDUM DECISION AND ORDER**
                                                     2:19-CV-06661 (AMD) (LB)

**THE DEPARTMENT OF JUSTICE,**

                Defendant.
------------------------------------------------------------------x
**ANN M. DONNELLY**, United States District Judge:

      Before the Court is the *pro se* plaintiff's letter, (ECF No. 8), which I construe as a motion for reconsideration under Rule 60 of the Federal Rules of Civil Procedure. For the reasons that follow, the motion is denied

      On November 26, 2019, the plaintiff filed this action against the Department of Justice, asserting among other claims, fraud and violations of the Constitution and the Federal Tort Claims Act. (ECF No. 1.) On January 23, 2020, I dismissed the plaintiff's claims, but gave him leave to amend his complaint. (ECF No. 5.) The plaintiff did not file an amended complaint within thirty days or seek an extension of time to file, and on March 24, 2020, the Clerk of Court entered judgment dismissing the complaint and closed this case. (ECF No. 7.)

      Rule 60(b) allows the Court to relieve a party from a final judgment in certain circumstances, including "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no

longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).[1] "Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986); *see also Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (Rule 60(b) is "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances") (citations and quotation marks omitted). "A Rule 60(b) motion is properly denied where it seeks only to relitigate issues already decided." *Djenasevic v. New York*, No. 17-CV-6366, 2019 WL 2330854, at *2 (E.D.N.Y. May 30, 2019) (quoting *Maldonado v. Local 803 I.B. of Tr. Health & Welfare Fund*, 490 F. App'x 405, 406 (2d Cir. 2013)) (internal quotation marks omitted).

The plaintiff makes the following assertions in his letter: (1) that he will "only communicate with the Supreme Court" and his complaint may only be heard by "the nine (9) justices in Washington D.C.;" (2) that the complaint should also be considered a criminal complaint with sovereign immunity "withdrawn;" and (3) that he does not "want to make amendment to [his] legal complaint." (ECF No. 8 at 2-3.) As I discussed in my January 23, 2020 order, the plaintiff's claim against the Department of Justice is barred by sovereign immunity. (ECF No. 5 at 2.) The plaintiff insists that immunity be "withdrawn" because he is making a criminal complaint, but a private person may not bring a criminal complaint. "[T]he decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). The plaintiff does not cite any new facts or make any new arguments from which I can infer that he has a claim against the defendant. He also maintains that he does not want to amend his complaint.

---

[1] Rule 59 also provides a basis to seek reconsideration. However, under Rule 59, a party must file a motion to alter or amend a judgment no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). The plaintiff filed this motion well after the 28-day deadline had passed.

2

Accordingly, the plaintiff's motion for reconsideration is denied. Although the plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                s/Ann M. Donnelly
                                                ANN M. DONNELLY
                                                United States District Judge

Dated: Brooklyn, New York
          December 16, 2020