UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                       :

**ERNEST RUDOLPH**,
                                       :

                        Plaintiff,      :   **MEMORANDUM AND ORDER**

          – against –            :   19-CV-6661 (AMD) (LB)

**THE DEPARTMENT OF JUSTICE**,
                                         :

                        Defendant.     :
------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

On November 26, 2019, the *pro se* plaintiff Ernest Rudolph filed this action against the Department of Justice. (ECF No. 1.) On January 23, 2020, the Court dismissed the case with leave to amend within thirty days. (ECF No. 5.) The plaintiff did not file an amended complaint and on March 16, 2020, the Court dismissed the complaint with prejudice. On March 24, 2020, the Clerk of Court entered judgment dismissing the complaint with prejudice. (ECF No. 7.) On June 4, 2020, the plaintiff filed a letter motion for reconsideration (ECF No. 8), and on December 16, 2020, the Court denied the plaintiff's motion. (ECF No. 9.) On December 28, 2021, the plaintiff filed a letter addressed to the Court and the Social Security Administration that I construe in an excess of caution as another motion for reconsideration. (ECF No. 10.) As explained below, the motion is denied.

Rule 60(b) allows the Court to relieve a party from a final judgment in certain circumstances, including "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no

longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).[1]  "Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances."  *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986); *see also Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (Rule 60(b) is "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances") (citations and quotation marks omitted).  "A Rule 60(b) motion is properly denied where it seeks only to relitigate issues already decided."  *Djenasevic v. New York*, No. 17-CV-6366, 2019 WL 2330854, at *2 (E.D.N.Y. May 30, 2019) (quoting *Maldonado v. Local 803 I.B. of Tr. Health & Welfare Fund*, 490 F. App'x 405, 406 (2d Cir. 2013)) (internal quotation marks omitted).

In his letter, the plaintiff raises complaints about his mental health treatment (ECF No. 10 at 3), cites ongoing harassment (*id.* at 3-5), requests monetary damages (*id.* at 6), and seeks an investigation into his concerns within the next three months.  (*Id.*)  Nothing in the letter justifies reconsideration or any court action.  *See Hayon v. Reardon*, No. 20-CV-4668, 2021 WL 2206611, at *1 (E.D.N.Y. June 1, 2021) ("A party seeking reconsideration of an order or judgment must clear a high bar, and 'reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

---

[1] Rule 59 also provides a basis to seek reconsideration.  However, under Rule 59, a party must file a motion to alter or amend a judgment no later than 28 days after the entry of the judgment.  Fed. R. Civ. P. 59(e).  The plaintiff filed this motion well after the 28-day deadline had passed.

**CONCLUSION**

Accordingly, the plaintiff's motion for reconsideration is denied.  This case remains closed and no further action will be taken.  The plaintiff is warned that continued filing of similar submissions will result in an order directing the Clerk of Court not to accept any letters or motions, other than a notice of appeal, under this docket number.  Although the plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).


**SO ORDERED.**

        s/Ann M. Donnelly
        _____
        ANN M. DONNELLY
        United States District Judge


Dated: Brooklyn, New York
        January 24, 2022